UNITED STATES *v.* H. W. ROBINSON & CO., STATE FORWARDING CO., AND EDGAR S. BIBAS (No. 3445)[1]

United States Court of Customs and Patent Appeals, January 4, 1932

*Charles D. Lawrence,* Assistant Attorney General (*Peter A. Abeles,* special attorney, of counsel), for the United States.

*Brown & Carter* for appellees.

[Oral argument December 8, 1931, by Mr. Lawrence and Mr. Allan R. Brown]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

BLAND, Judge, delivered the opinion of the court:

This appeal by the United States is from a judgment of the first division of the United States Customs Court which affirmed the judgment of the single appraising justice who sustained the value claimed by appellees, importers herein.

The merchandise involved is 28-inch silk tie squares, used in the making of neckties, and was imported from England and entered at the manufacturer's selling price to wholesale merchants in England.

---

[1] T. D. 45436.

The appraiser appraised the merchandise at the price for wholesale quantities at which the wholesale merchants sold to the retail dealers, that is, to those who purchased the squares and manufactured them into ties.

There is no disagreement about the facts in this case. It is agreed that there is a foreign value as the same is defined in section 402 (b) of the Tariff Act of 1922, and that the foreign value is the proper dutiable value of the merchandise.

The undisputed facts are that the firms of English manufacturers who manufactured the tie squares at bar, and other manufacturers who manufactured similar tie squares, at the time of exportation of the merchandise here involved, by agreement restricted their sales to wholesalers only; that the tie squares are sold by such manufacturers, in the usual wholesale quantities, to all wholesalers who wish to purchase at 146 shillings per dozen; that the wholesalers in turn sell in the usual wholesale quantities to all who wish to purchase the same for 189 shillings per dozen squares; that those to whom the wholesalers sell manufacture the silk into ties which are in turn sold to retail tie dealers.

Section 402 (b) of the Tariff Act of 1922, defining foreign value, reads as follows:

SEC. 402 (b) The foreign value of imported merchandise shall be the market value or the price at the time of exportation of such merchandise to the United States, *at which such or similar merchandise is freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade*, including the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States. (Italics ours.)

The importer contends that the price received by the manufacturers in their sales to the wholesalers is the proper foreign value as defined by statute and points out that the goods were freely offered to all wholesale purchasers in the usual wholesale quantities and in the ordinary course of trade.

The Government contends that the price which the manufacturers received from the wholesaler does not meet the requirements of the statute inasmuch as the goods are not freely offered to all purchasers in the usual wholesale quantities and in the ordinary course of trade, but are only offered to one class of purchasers, to wit, wholesalers, and that such transactions are, therefore, restricted, and urges that the sales of the wholesalers to the tie manufacturers do fully comply with the statutory definition of foreign value; that such sales are unrestricted and, therefore, such sales price should be accepted as the proper basis of value. The Government relies upon the decision of this court in *United States* v. *Richard & Co.*, 15 Ct. Cust. Appls. 143, as being controlling.

We agree with the contentions of the Government that the sales price of the wholesalers to the tie manufacturers should be accepted as the foreign value. It may be, as is contended by the importer, that it is the "ordinary course of trade" between the manufacturer and the wholesaler to restrict the sales to wholesalers, but this is not the ordinary course of trade to which the statute refers. It must be remembered that the statute provides for "the ordinary course of trade" in which such or similar goods are "freely offered for sale to all purchasers" in the usual wholesale quantities. Since in the sales by the manufacturers the goods were not offered to all purchasers, the sales price should not be accepted as the proper foreign value. In the *Richard & Co.* case, *supra*, this court had before it a question quite similar to the one at bar and said:

* * * Even if it be conceded that the *ordinary course of trade* may be determined by the usage in a minor fraction thereof, it certainly can not be said that merchandise is being *freely offered for sale* when it is offered to certain purchasers only, and these purchasers, ones who have "*satisfied*" the seller that they are wholesalers only. * * * (Italics quoted.)

* * * * * * *

It is argued because sales to wholesalers are all made at the same price that therefore this price thus becomes the wholesale price. But it will be observed that the statute does not thus establish the wholesale price. Section 402 (b) does not provide that the wholesale price shall be the price to *wholesalers*, but the price in the usual *wholesale quantities.* The law is not concerned with the persons who buy, but the manner in which they buy. (Italics quoted.)

See also *United States* v. *International Forwarding Co.*, 13 Ct. Cust. Appls. 579, T. D. 41436, and *Kuttroff, Pickhardt & Co.* v. *United States*, 12 Ct. Cust. Appls. 299, T. D. 40313.

The importer contends that the *Richard & Co.* case, *supra*, is not in point and calls attention to the fact that in that case the original seller sold to both wholesalers and retailers, giving to the wholesaler a discount which he did not give to the retailer.

We can see no difference in principle in the question at bar and the question before the court in the *Richard & Co.* case. The wholesale price with the 10 per centum discount which was given to wholesalers only was held not to be a freely offered sale.

The court below relied upon certain cases which are not necessary to discuss here and also upon a decision by that court in *United States* v. *A. S. Neuberger*, Reappraisement Circular 1883, then pending upon appeal to this court, which decision was reversed by this court on October 26, 1931, in 19 C. C. P. A. (Customs) 96, T. D. 45241. We find nothing in the *Neuberger* case which warrants a conclusion other than that which we have heretofore arrived at.

The judgment of the United States Customs Court is *reversed* and the cause is *remanded* for further proceedings in accordance herewith.